**In re ATKINSON ENTERPRISES, INC., d/b/a Batavia Industrial Center f/k/a Batavia Industrial Center, Inc., Debtor.**

**Bankruptcy No. 82–20242.**

United States Bankruptcy Court, W. D. New York.

Aug. 18, 1982.

---

Donald C. Lucas, Secretary to Creditors Committee.

John A. Belluscio, Rochester, N. Y., for debtor.

William J. Brown, Buffalo, N. Y., for secured creditor.

Kenneth B. Mason, Jr., Rochester, N. Y., for Creditors Committee.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

Kenneth B. Mason, Jr., attorney for the creditors committee, in this Chapter 11 proceeding, has made an application for fees. The facts are as follows.

On March 1, 1982, a Chapter 11 petition was filed by the debtor. On March 24, 1982, an Order was given approving the appointment of Kenneth B. Mason as attorney for the creditors committee. He has filed an application showing that he has spent through May 19, 1982 some 26.3 hours of professional service on behalf of the creditors committee and he asks to be recompensed at the rate of $125 per hour. He also seeks the reimbursement of some $34 in disbursements.

At the hearing on this interim application, attorneys for the secured creditor objected to the fee; the attorney for the debtor objected to the fee and the secretary of the creditors committee objected to the fee.

The basis for the objections were multiple. The secretary to the creditors committee indicated that their time records indicated that Mr. Mason was calculating his hours generously and was seeking more than he was entitled to. For example, on March 22, 1982, Mr. Mason charged five hours for a creditors committee meeting. The meeting actually was called to order at 8:00 P.M. and concluded at 9:30 P.M. Mr. Mason indicated, however, that he left home at 6:30 P.M. to drive the half hour to the meeting and did not get home until 11:30 P.M. The creditors committee feels that the five hours stated in the application is excessive.

On telephone calls, Mr. Belluscio, the attorney for the debtor, indicated that the telephone calls to him by Mr. Mason were not of the duration indicated in Mr. Mason's application for fees. The attorney for the secured party objected to the payment of any fee since the debtor was unable to make any payments to or to provide adequate protection for the secured party during this period of time.

After a review of the information that has been given to me in this hearing on this claim, I determine that Mr. Mason did overstate his time on his application for a fee. For instance, he included an hour and a half time for the preparation of the application for the fee. From the hearing, a fair estimate of the time Mr. Mason spent on actual, necessary services in this case to date or in the time period for which he is asking for a fee was about 8 hours. His application indicates that his customary fees for this type of work is $125.

However, the Court has had its clerk survey the local bar and from the random sample of fees, thus obtained, found that a fee for comparable services in this area would be $100.

Therefore, a fee is awarded to Mr. Mason in the amount of $800 plus disbursements of $34 making a total fee plus disbursements of $834 covering his services to the creditors committee from March 11, 1982 to May 27, 1982. Any further applications by Mr. Mason, may not be made for another four months and it is so ordered.